JUSTIN M. HEILIG
JOSEPH B. STAPH
HILL RIVKINS LLP
45 Broadway, Suite 2110
New York, NY 10006
Tel: (212) 669-0600
Fax: (212) 669-0698
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ALLIANZ GLOBAL CORPORATE & SPECIALTY SE, <br><br>           Plaintiff, <br><br> - against - <br><br> DSV AIR & SEA INC., <br><br>           Defendant. | Case No. 2:26-cv-10001 <br><br> **AMENDED COMPLAINT** |

Plaintiff Allianz Global Corporate & Specialty SE ("AGCS" or "Plaintiff"), by and through its attorneys Hill Rivkins LLP, as and for its Amended Complaint against Defendant DSV Air & Sea Inc. ("DSV"), alleges upon information and belief as follows:

1.     This subrogation action arises from loss or damage to two shipments of frozen cheesecakes (the "Cargoes") transported by international air carriage from the United States to the United Arab Emirates in August 2024.

1

2.     This Honorable Court has jurisdiction pursuant to 28 USC § 1331, in that the action is governed by the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999 (entered into force Nov. 4, 2003), S. Treaty Doc. No. 106-45, commonly known as the "Montreal Convention."

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and/or Article 33.1 of the Montreal Convention insofar as: DSV has its principal place of business in this District and is subject to the personal jurisdiction of this Honorable Court; the contracts of carriage were made through DSV's office in this District; and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

4.     At all times relevant hereto, Plaintiff AGCS was and now is a business entity organized and existing under foreign law, with an office and place of business at 15 Bishopsgate, London EC2N 3AR, United Kingdom, which insured the Cargoes at issue in this action.

5.     At all times relevant hereto, Defendant DSV was and now is a corporation organized and existing under Delaware law, registered to do business within the State of New Jersey as a foreign business corporation, with an office and principal place of business at 200 S. Wood Ave., Suite 300, Iselin, NJ 08830.

6.    At all times relevant hereto, Defendant DSV was and now is engaged in business as a common air carrier of goods for hire, issuing air waybills for the international carriage of goods aboard aircraft.

7.    In or about August 2024, the Cargoes were tendered to and delivered into the care, custody, and control of Defendant DSV (and/or its servants, agents, and/or subcontractors) in good order and condition, and suitable in every respect for the intended transportation, which Defendant DSV received, accepted, and agreed to transport by air carriage, in exchange for certain consideration, from Newark to Dubai under air house waybill nos. EWR0523010 and EWR0529789.

8.    However, the Cargoes suffered temperature abuse while in the charge of DSV.

9.    Thereafter, DSV (and/or its servants, agents, and/or subcontractors) delivered the Cargoes upon arrival at Dubai in damaged condition.

10.    By reason of the premises, Defendant DSV (and/or its servants, agents, and/or subcontractors, for whom Defendant DSV is responsible) failed to deliver the Cargoes at destination in the same good order and condition as they were received; breached its duties and obligations as an air carrier and/or bailee of the Cargoes; was negligent and careless in its handling of the Cargoes; and was otherwise at fault for the losses and damages described herein.

11.     Following delivery, the consignee and/or owner of the Cargoes submitted an insurance claim to Plaintiff under a policy then in full force and effect for the loss or damage to the Cargoes, which Plaintiff paid.

12.     By virtue of its payment to the consignee and/or owner of the Cargoes, Plaintiff AGCS became subrogated to all of their respective rights, remedies, and claims for relief with respect to the Cargoes, including those asserted against Defendant DSV herein.

13.     Plaintiff AGCS brings this action on its own behalf and, as agent and trustee, on behalf of all parties who are or may become interested in the Cargoes, as their respective interests may ultimately appear, and Plaintiff AGCS is entitled to maintain this action.

14.     All obligations and conditions precedent to suit have been performed by Plaintiff AGCS, its insureds, and/or subrogors, including but not limited to the payment of freight and the submission of timely written notice under Article 31 of the Montreal Convention.

15.     Plaintiff AGCS has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $62,141.62.

     **WHEREFORE**, Plaintiff AGCS prays:

(i)    that process in due form of law according to the practice of this Court may issue against Defendant DSV, citing it to appear and answer the foregoing;

(ii)    that a judgment may be entered against Defendant DSV in the amount of $62,141.62, together with costs, interest, and reasonable attorney's fees; and

(iii)    for such other and further relief as this Court may deem just and proper under the circumstances.

Dated:  New York, New York
       August 7, 2026

HILL RIVKINS LLP
*Attorneys for Plaintiff*

By:_____

Justin M. Heilig
Joseph B. Staph
45 Broadway, Suite 2110
New York, New York 10006
Tel: (212) 669-0600
Fax: (212) 669-0698

5